FILED
CLERK, U.S. DISTRICT COURT
DEC 30 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_RS\_\_\_\_ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALICIA VALDEZ-SANDOVAL,<br><br>    Plaintiff,<br><br>vs.<br><br>STARSHIP, LLC d/b/a ROCKSTAR,<br><br>    Defendant. | Civil Action File No.<br>2:19-CV-10943-JFW-SKx |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, ALICIA VALDEZ-SANDOVAL, by and through herself and for her Complaint against the Defendant, STARSHIP, LLC d/b/a ROCKSTAR, states as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of STARSHIP, LLC d/b/a ROCKSTAR, (hereinafter, SLLC), to include all its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of SLLC, including but not limited to SLLC, in negligently, knowingly, and/or willfully contacting Plaintiff on her

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 27 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

cellular telephone without his prior express consent within the meaning of the TCPA.

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.* and also violated 47 U.S.C. § 227( c)(5), ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring an action . . . to receive up to $500 in damages for each such violation . . . .").

3. "SLLC" has violated the TCPA by contacting the Plaintiff on her cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

4. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

5. ALICIA VALDEZ-SANDOVAL, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Shelby, state of Tennessee.

6. STARSHIP, LLC d/b/a ROCKSTAR, (hereinafter, "Defendant"), is a clothing apparel store with a corporate address, on 5901 S. Eastern Ave. Commerce, CA 90040, and is a "person" as defined by 47 U.S.C. section 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. Per findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any

person within the United States or any person outside the United States if the recipient is within the United States—..."

## A BRIEF OVERVIEW OF TEXT MESSAGING

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

13. An "SMS message" is a text message call directed to a wireless device using the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text

message call they receive or incur a usage allocation deduction to their text plan, regardless of whether the message is authorized.

15. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six-digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

16. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message. The TCPA is a codification of a type of invasion of privacy. As Congress wrote in the Congressional findings in the TCPA, "[e]vidence compiled by the Congress indicates that … telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." 47 U.S.C. 227, Congressional Findings ¶ 10

17. Text messages are "calls" within the purview of the TCPA. *See Satterfield v Simon & Schuster, Inc.*, 569 F.3d (9th Cir. 2009). Accordingly, the FCC also issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for

maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d). Relevant here, the regulations require the telemarketer to (1) provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted," § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called.

## ALLEGATIONS OF FACT

18. Plaintiff placed her cellular phone number on the National "Do-Not-Call" list on September 27th, 2019, due to solicitation calls from colleges, advertising companies, wrong number calls, and other businesses. Plaintiff uses her cellular phone number ending in 0510 as her primary residential number. Plaintiff does not have a landline.

19. Beginning on or about October of 2019, Plaintiff began receiving text messages from SMS code **69551** to her cellular phone ending in 0510. One of the 7 text messages Plaintiff received stated in pertinent part, "Rockstar Original: Flash SALE ALERT! Get these styles on your hands, like the ARLEY (BLACK) Fur, Gusto and Misha on the site https://rockstaroriginal.smsb.co/ACHhLHO and have them at unbelievably LOW PRICES!! Few quantities. Hurry and Shop now!!STOP11059 to opt out." The other messages Plaintiff received were similar except for the sale.

20. In a "good faith" attempt to resolve these matters without litigation, Plaintiff mailed the Defendant an "Intent to Litigate" letter (which specifically advised the Defendant to remove her number ending in 0510 from their automated advertising text messaging system) as well as a Complaint detailing the numerous violations of the TCPA. The Defendant received this notice on November 25th, 2019 at 10:55 a.m. (USPS tracking number 9505 5139 5848 9325 1234 83)

21. Shockingly, on Nov. 29th and Nov. 30th, Plaintiff received three (3) additional solicitation text messages from the Defendant advertising a "Black Friday" sale they were promoting. These additional text messages were transmitted from the Defendant *after* they received **written notice** to discontinue its advertising activities to Plaintiffs cellular phone number.

22. Plaintiff request that the court deem the three (3) additional text messages a **"willful"** violation of the TCPA, and request the maximum allowable damages stipulated under the statute listed regarding these three (3) text messages.

23. Plaintiff has never had an account with the Defendant, has never opted in to receive any text messages from the Defendant, nor has she ever given the Defendant permission to contact her cellular using prohibited equipment.

24. Upon information and belief, the Defendants text messages to Plaintiffs cellular phone utilized "an automatic telephone dialing system" for non-emergency

purposes and in the absence of the Plaintiff's prior express written consent violated 47 U.S.C. § 227(b)(1)(A).

25. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone violated 47 U.S.C. § 227(c)(5).

26. Under the TCPA and pursuant to the FCC's January 2008 and July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express written consent within the meaning of the statue.

27. Plaintiff suffered harm and damages in the form of text message, data, and other charges to her cellular telephone plan.

28. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a solicitation phone call from the Defendant.

## QUESTIONS OF LAW

29. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made text messages to Plaintiff's cellular telephone using an automatic telephone dialing system on behalf of Starship, LLC d/b/a Rockstar;

b. Whether Defendant made non-emergency calls to Plaintiff's residential telephone number without having implemented the minimum procedures for maintaining a do-not-call list.

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

30. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Without prior express consent, the Defendant texted Plaintiffs cellular phone 7 times by means of an automatic telephone dialing system in violation of 47 U.S.C. section 227(b)(A)(iii).

32. Without prior express consent, the Defendant called Plaintiffs cellular phone by means of an automatic telephone dialing system in violation of 47 U.S.C. section 227(b)(A)(iii).

33. The text messages were made to Plaintiffs cellular phone without prior express written consent from the Plaintiff.

34. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## COUNT II-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227(c)(5)

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. The text messages were made to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and did not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

37. As a result of Defendants violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to an award of a minimum of $1,500.00 in statutory damages for each willful call-in violation of the statute pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each call-in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3); and $1,500.00 for a willful and knowing violation of the do-not-call-list requirements, 47 U.S.C. § 227(c)(5);

b) An award of all fees and costs incurred by Plaintiff;

c) All other cost the Court sees justifiable under the law.

Respectfully submitted,

Alicia Valdez-Sandoval
109 N. Main St. #602
Memphis, Tn 38103
aliciavs2223@outlook.com



**FROM:**
ALICIA VALDEZ-SANDOVAL
109 N. MAIN # 602
MEMPHIS, TN 38103

**TO:**
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
255 East Temple St.
Los Angeles, CA 90012-3332